**Ali ELGHANNAM, Appellant**

v.

**NATIONAL ASSOCIATION OF BOARDS OF PHARMACY,**
**Appellee**

September Term, 2016
No. 16–7098

United States Court of Appeals, District of Columbia Circuit.

May 30, 2017

Ali Elghannam, Washington, DC, pro se.

Brian Eugene Casey, Barnes & Thornburg LLP, South Bend, IN, Teresa L. Jakubowski, Barnes & Thornburg LLP, Washington, DC, for Appellee.

BEFORE: Griffith, Srinivasan, and Pillard, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the briefs filed by the parties; appellee's motion for leave to file supplemental appendix; appellant's motion for leave to file supplemental appendix and the response thereto; appellee's motion for leave to file surreply and the response thereto; appellant's motion for leave to file surreply; the motion for leave to file opposition to appellee's surreply, which is construed as a motion for leave to file surreply; the motion to reject appellee's brief and appendix, which is construed as a motion to strike, and the response thereto; and the lodged surreplies and supplemental appendices, it is

**ORDERED** that the motions for leave to file surreplies be granted. The Clerk is directed to file the lodged surreplies. It is

**FURTHER ORDERED** that appellee's motion for leave to file a supplemental appendix be granted. See D.C. Cir. Rules 24(b), 30(e). The Clerk is directed to file appellee's lodged supplemental appendix. It is

**FURTHER ORDERED** that appellant's motion for leave to file a supplemental appendix be denied. The materials related to appellant's professional credentials were not part of the district court record and are not properly included in the appendix. See Fed. R. App. P. 30(a). Inclusion of the remaining documents is unnecessary because they are already either included in appellee's supplemental appendix or attached to appellant's motion to strike. It is

**FURTHER ORDERED** that the motion to strike be denied. See Stabilisierungsfonds fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's orders filed July 15, 2016 and July 26, 2016 be affirmed.

The district court correctly held that appellant's claims of conspiracy to breach a contract and civil conspiracy failed to state a claim because he offered only "conclusory allegation[s]" that did not provide "plausible grounds to infer an agreement." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The district court also properly dismissed appellant's discrimination claim because it was supported by "no more than [legal] conclusions, ... not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Appellant does not challenge on appeal the district court's dismissal of his claim of conspiracy to engage in unconscionable contract. See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) (argument not made on appeal is deemed waived).

Finally, appellant has not demonstrated that the district court abused its discretion in denying his motion for reconsideration. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.